IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

RALPH WILLIAMS,

    Plaintiff,

v.                                     Civil Action No. CV-00-J-O978-J

JIM WALTER RESOURCES,
INC.,

    Defendant.

**ENTERED**

APR - 4 2001

## MEMORANDUM OPINION

This cause comes before this court on defendants' motion for summary judgment (doc. 10). Plaintiff filed this action on April 14, 2000 alleging that he was the victim of race discrimination (doc. 1). According to plaintiff he was discriminated against because he was terminated as a result of allegations that he sexually harassed female workers. Plaintiff contends that white managers accused of sexual harassment were treated differently than himself (doc. 1). Defendant argues that race played no part in plaintiff's termination, rather plaintiff was fired due to his history of alleged sexual harassment.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929

2

F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

## Legal Analysis

Ralph Williams worked as a section foreman at Jim Walter Resources's (JRW)

No.7 Mine, supervising belt cleaners and inside laborers. In August or September 1996, Williams became the immediate supervisor of several employees, including Jan Tyner, Gloria Snyder, Juanita Frieson, Loretta Blocker and Bertha Edwards. (Donnelly Aff., ¶6).

On March 13, 1997, Jan Tyner complained to Richard Donnelly, Mine Manager at JWR's Number 7 Mine, that Williams had sexually harassed her. (Donnelly Aff. ¶7). These allegations were investigated and three employees, Gloria Snyder, Juanita Frieson, Loretta Blocker and Bertha Edwards, corroborated some of Ms. Tyner's allegations. (Donnelly Aff., ¶8). Jan Tyner, Gloria Snyder, Juanita Frieson, and Loretta Blocker each filed separate lawsuits against JWR for sexual harassment based on plaintiff's behavior. (Donnelly depo., p.32). Bertha Edwards also reported that plaintiff sexually harassed her. (Edwards Depo., p. 13-14, 18-20).

Part of JWR's investigation included each of these women signing affidavits supporting their allegations. (Donnelly Aff., Exhibits A-F). Following this investigation, Donnelly "discharged Williams on March 28, 1007, for violating JWR's sexual harassment policy." (Donnelly Aff., ¶9). According to Donnelly he had never, in his tenure as mine manager, "dealt with a complaint similar to the one against Williams, in terms of quantity and severity of the allegations and the number of individuals that made the allegations." (Donnelly Aff., ¶10).

Plaintiff claims that he is the victim of race discrimination because other managers who are white and were accused of sexual harassment, were treated differently. To make

4

a prima facie case of discriminatory discharge, plaintiff must show (1) that he is a member of a protected class, (2) that he was qualified for his position, and (3) "that the misconduct for which he was discharged was nearly identical to that engaged in by an employee outside the protected class whom the employer retained." *Nix v. WLCY Radio/Rahall Comm.*, 738 F.2d 1181, 1185 (11th Cir. 1984).

Plaintiff has failed to meet this burden. Plaintiff claims to have met this burden because another white manager accused of sexual harassment, Steve Henderson, was allowed to resign before being fired .[1] While the accusations of sexual harassment were "similar", Donnelly stated that he had never "dealt with a complaint similar to the one against Williams, in terms of quantity and severity of the allegations and the number of individuals that made the allegations." (Donnelly depo., p. 27; Donnelly Aff., ¶10). Plaintiff has made no showing that this statement is false. Plaintiff has also failed to link these alleged inconsistencies with a discriminatory motive. *Nix*, 738 F.2d at 1186.

Furthermore plaintiff has "offered no evidence to show that . . . [the] justification [for his discharge] is unworthy of credence." *Elrod v. Sears Roebuck and Company*, 939 F.2d 1466, 1470 (11th Cir. 1991). Federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions." *Elrod,* 939 F.2d at 1470. JWR "is permitted to discipline an employee it believes to be guilty of sexual harassment. If [JWR] does nothing in the face of such belief [JWR] runs a serious risk of incurring

---

[1] The court notes that plaintiff's response to defendant's motion was filed approximately three weeks past the response deadline.

Title VII liability to those employees harassed." *Id.* Based on the foregoing, the court finds that no genuine issues of material fact exist, wherefore defendant's motion for summary judgment (doc. 10) is due to be **GRANTED.**

**DONE** and **ORDERED** this 4 day of April 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE